IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 13, 2007

## AMANDA DAWN ALDERIDGE v. LYNN VERNON ALDERIDGE, JR.

**Appeal from the Chancery Court for Lawrence County**
**No. 11843-04      Robert L. Holloway, Judge**

_____

**No. M2004-02568-COA-R3-CV - Filed on May 3, 2007**

_____

In this divorce proceeding, the appellant contends the trial court erred by granting the divorce to his wife and designating her as the primary residential parent of their minor child. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Lynn V. Alderidge, Jr., Whiteville, Tennessee, Pro Se.

Amanda Dawn Alderidge, Cumberland Furnace, Tennessee, Pro Se.

**MEMORANDUM OPINION[1]**

Amanda Dawn Alderidge (Mother) and Lynn Vernon Alderidge, Jr. (Father) were married on November 27, 2000. One child was born of their marriage. The parties' relatively short marriage was tumultuous and violent for which Husband was arrested several times for domestic violence against Wife as evidenced by the arrest records presented to the Chancery Court.

On February 24, 2004, Mother filed a Complaint for Divorce on the grounds that the conduct of Father toward her was inappropriate as set forth in Tenn. Code Ann. § 36-4-101(11). Father filed an Answer and a Cross-Complaint. He additionally requested the case be "delayed until his release from custody." This is because Father was incarcerated at the time of trial, serving a combined

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

sentence of ten (10) years on a two (2) year charge out of Lawrence County, Tennessee, and a prior eight (8) year sentence for Rape. Father's request for parole was denied in March of 2005.

The Chancery Court denied Father's request for a lengthy delay of the proceedings and set the matter for hearing. Following an evidentiary hearing, the Chancellor found that Father was currently incarcerated with the Tennessee Department of Corrections, that he had been abusive of Mother during the marriage, and that she was entitled to a divorce based upon his inappropriate marital conduct. The relevant findings and conclusions by the Chancellor are set forth in the portion of the Final Decree of Divorce set forth below:

## FINAL DECREE OF DIVORCE

This cause came to be heard before the Chancery Court for Lawrence County, Tennessee, on the Complaint for Divorce filed by Amanda Dawn Alderidge and the Counter-Claim for Divorce filed by Lynn Vernon Alderidge, Jr. The Court has reviewed the pleadings in this file and has heard testimony from the Plaintiff/Counter-Defendant and from the sister of the Defendant/Counter-Plaintiff. Wherefore, the Court makes the following findings of fact and conclusions of law:

1. The parties were married on November 27, 2000, and have one child born of this union. The parties are not currently residing together due to the threatening behavior of the Defendant towards the Plaintiff for which he was arrested. The Defendant is currently incarcerated with the Tennessee Department of Corrections.

2. The Defendant has been abusive to the Plaintiff during the course of the marriage, thereby, entitling her to a divorce based upon his inappropriate marital conduct. The Husband's Counter-Complaint for Divorce is found to be without merit and should be dismissed.

3. The Plaintiff has been the primary caregiver to the minor child since the child's birth. The Defendant is currently incarcerated and will be released in or before March 2005. Accordingly, the Plaintiff should be named the primary residential parent for the minor child. The Court is concerned about the history of threats and violence by the Defendant, and therefore orders that the Defendant shall be required to petition this Court prior to receiving visitation with the minor child.
. . . .

The Final Decree of Divorce was entered on September 9, 2004, and Father perfected a timely appeal. On appeal, Father contends the Chancellor should have delayed the hearing of Mother's Complaint for Divorce pending his release from state custody. He also contends the Chancellor erred by adopting the parenting plan she submitted and by designating Mother as the primary residential parent. We find no merit to either issue.

The trial court is afforded great discretion in determining the manner and time frame by which a pending case shall proceed to trial. Considering the facts of this case, we find no error with the Chancellor's decision to deny Father's request to delay the trial. Further, the facts fully support the Chancellor's decision to award the divorce to Mother on the grounds of Father's inappropriate marital conduct.

As for the parenting plan, Tenn. Code Ann. § 36-6-101 grants broad latitude to the trial court regarding the establishment of a parenting plan. Aside from the significant fact that Father was incarcerated for a lengthy period, and thus unable to care for the parties' child, Tenn. Code Ann. § 36-6-106(8) and § 36-6-406(c) authorize the court to consider evidence of physical or emotional abuse of the child, other parent or any person, and physical abuse or a pattern of emotional abuse of the parent, child or of another person. Considering Father's record, each of the above factors lead to only one logical conclusion, that Mother be designated the primary residential parent.

We also note that the Chancellor took the additional step of protecting the rights of Father by expressly providing that he could petition for modification of the permanent parenting plan upon his release from prison.

The record in this case fully supports each of the Chancellor's decisions that are at issue. Accordingly, we find no error and affirm in all respects.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Lynn Vernon Alderidge, Jr.

_____
FRANK G. CLEMENT, JR., JUDGE